IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| DYLAN B.,[1] ) | |
| ) | |
| Plaintiff, ) | |
| ) | No. 21 C 5556 |
| v. ) | |
| ) | Magistrate Judge |
| KILOLO KIJAKAZI, Acting ) | Maria Valdez |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**MEMORANDUM OPINION AND ORDER**

This action was brought under 42 U.S.C. § 405(g) to review the final decision of the Commissioner of Social Security denying Plaintiff Dylan B.'s claim for Supplemental Security Income ("SSI"). The parties have consented to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c). For the reasons that follow, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 12] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is denied.

---

[1] In accordance with Internal Operating Procedure 22 – Privacy in Social Security Opinions, the Court refers to Plaintiff only by his first name and the first initial of his last name.

## BACKGROUND

### I. PROCEDURAL HISTORY

On July 20, 2019, Plaintiff filed a claim for SSI, alleging disability since January 1, 2012. The claim was denied initially and upon reconsideration, after which he timely requested a hearing before an Administrative Law Judge ("ALJ"). A telephonic hearing was held on March 3, 2021, and all participants attended the hearing by telephone. Plaintiff appeared and testified at the hearing and was represented by counsel. A vocational expert ("VE") also testified.

On March 30, 2021, the ALJ denied Plaintiff's claim for benefits, finding him not disabled under the Social Security Act. The Social Security Administration Appeals Council then denied Plaintiff's request for review, leaving the ALJ's decision as the final decision of the Commissioner and, therefore, reviewable by the District Court under 42 U.S.C. § 405(g). *See Haynes v. Barnhart*, 416 F.3d 621, 626 (7th Cir. 2005).

### II. ALJ DECISION

Plaintiff's claim was analyzed in accordance with the five-step sequential evaluation process established under the Social Security Act. *See* 20 C.F.R. § 404.1520(a)(4). The ALJ found at step one that Plaintiff had not engaged in substantial gainful activity since the application date of July 20, 2019. At step two, the ALJ concluded that Plaintiff had the following severe impairments: major depressive disorder and autism spectrum disorder. The ALJ concluded at step three

that Plaintiff's impairments, alone or in combination, do not meet or medically equal any listed impairments.

Before step four, the ALJ determined that Plaintiff retained the residual functional capacity ("RFC") to perform a full range of work at all exertional levels, but with the following non-exertional limitations: cannot operate a motor vehicle; can perform simple, routine tasks; can work at a consistent pace throughout the workday, but cannot perform production rate pace work, such as assembly line work; can have occasional interaction with supervisors and coworkers, incidental to work being performed, and no group or team-based activities; can have no interaction with the general public; and can respond appropriately to occasional, infrequent changes in a routine work setting. At step four, the ALJ found that Plaintiff has no past relevant work. At step five, based upon the VE's testimony and Plaintiff's age, education, work experience, and RFC, the ALJ found that Plaintiff can perform jobs existing in significant numbers in the national economy, leading to a finding that he is not disabled under the Social Security Act.

## DISCUSSION

### I.  ALJ LEGAL STANDARD

Under the Social Security Act, a person is disabled if she has an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 423(d)(1)(a). In order to determine whether a plaintiff is

3

disabled, the ALJ considers the following five questions in order: (1) Is the plaintiff presently unemployed? (2) Does the plaintiff have a severe impairment? (3) Does the impairment meet or medically equal one of a list of specific impairments enumerated in the regulations? (4) Is the plaintiff unable to perform her former occupation? and (5) Is the plaintiff unable to perform any other work? 20 C.F.R. § 416.920(a)(4).

An affirmative answer at either step three or step five leads to a finding that the plaintiff is disabled. *Young v. Sec'y of Health & Human Servs.*, 957 F.2d 386, 389 (7th Cir. 1992). A negative answer at any step, other than at step three, precludes a finding of disability. *Id.* The plaintiff bears the burden of proof at steps one to four. *Id.* Once the plaintiff shows an inability to perform past work, the burden then shifts to the Commissioner to show the plaintiff's ability to engage in other work existing in significant numbers in the national economy. *Id.*

## II.   JUDICIAL REVIEW

Section 405(g) provides in relevant part that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Judicial review of the ALJ's decision is thus limited to determining whether the ALJ's findings are supported by substantial evidence or based upon legal error. *Clifford v. Apfel*, 227 F.3d 863, 869 (7th Cir. 2000); *Stevenson v. Chater*, 105 F.3d 1151, 1153 (7th Cir. 1997). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401 (1971); *Skinner v.*

4

*Astrue*, 478 F.3d 836, 841 (7th Cir. 2007). An ALJ's decision should be affirmed even in the absence of overwhelming evidence in support: "whatever the meaning of 'substantial' in other contexts, the threshold for such evidentiary sufficiency is not high. Substantial evidence is . . . 'more than a mere scintilla.' . . . It means – and means only – 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Biestek v. Berryhill*, 139 S. Ct. 1148, 1154, (2019) (citations omitted). This Court may not substitute its judgment for that of the Commissioner by reevaluating facts, reweighing evidence, resolving conflicts in evidence, or deciding questions of credibility. *Skinner*, 478 F.3d at 841; *see also Elder v. Astrue*, 529 F.3d 408, 413 (7th Cir. 2008) (holding that the ALJ's decision must be affirmed even if "'reasonable minds could differ'" as long as "the decision is adequately supported") (citation omitted).

However, even under this relatively lenient standard, an ALJ is not absolved of her duty to support the decision with record evidence. *See Meuser v. Colvin*, 838 F.3d 905, 910 (7th Cir. 2016) ("We will uphold an ALJ's decision if it is supported by substantial evidence, but that standard is not satisfied unless the ALJ has adequately supported his conclusions."). The ALJ is not required to address "every piece of evidence or testimony in the record, [but] the ALJ's analysis must provide some glimpse into the reasoning behind her decision to deny benefits." *Zurawski v. Halter*, 245 F.3d 881, 889 (7th Cir. 2001). In cases where the ALJ denies benefits to a plaintiff, "he must build an accurate and logical bridge from the evidence to his conclusion." *Clifford*, 227 F.3d at 872. The ALJ must at least minimally articulate

5

the "analysis of the evidence with enough detail and clarity to permit meaningful appellate review." *Briscoe ex rel. Taylor v. Barnhart*, 425 F.3d 345, 351 (7th Cir. 2005); *Murphy v. Astrue*, 496 F.3d 630, 634 (7th Cir. 2007) ("An ALJ has a duty to fully develop the record before drawing any conclusions . . . and must adequately articulate his analysis so that we can follow his reasoning . . . ."); *see Boiles v. Barnhart*, 395 F.3d 421, 425 (7th Cir. 2005).

Where conflicting evidence would allow reasonable minds to differ, the responsibility for determining whether a plaintiff is disabled falls upon the Commissioner, not the court. *See Herr v. Sullivan*, 912 F.2d 178, 181 (7th Cir. 1990). However, an ALJ may not "select and discuss only that evidence that favors his ultimate conclusion," but must instead consider all relevant evidence. *Herron v. Shalala*, 19 F.3d 329, 333 (7th Cir. 1994).

### III. ANALYSIS

Plaintiff argues that the ALJ's decision was in error for several reasons, including: (1) the ALJ erred when she failed to consider an opinion rendered by Plaintiff's treating therapist; (2) the ALJ improperly undermined Plaintiff's statements and those of his providers; and (3) the ALJ improperly determined that Plaintiff would be capable of performing unskilled work on a full-time basis.

In advancing his second argument, Plaintiff contends, *inter alia*, that the ALJ erred in finding his daily activities to be inconsistent with his alleged mental deficits. (Pl.'s Memo. at 10-11.) In particular, the ALJ found that Plaintiff "socializing with online friends, and playing video games or playing on his

6

computer" was "wholly inconsistent with major mental deficits." (R. 22.) On the same topic, the ALJ determined that Plaintiff's "ability to play video games, or playing on his computer" suggested that Plaintiff had "few deficits in the ability to understand, remember, or apply information." (*Id.* at 16.) For her part, Defendant maintains that "the ALJ reasonably concluded that Plaintiff was not disabled" in light of "Plaintiff's conservative mental health treatment (and lack thereof) and daily activities (primarily long-standing videogame playing)." (Def.'s Memo. at 1.) However, the Court agrees with Plaintiff that the ALJ erred in making too much of his video game playing without providing a sufficient supporting explanation.

"The Seventh Circuit . . . has rejected the notion that the ability to play video games and watch television signals the ability to do full-time work." *James v. Berryhill*, No. 17 C 3037, 2018 WL 3438912, at *3 (N.D. Ill. July 17, 2018). Of course, "there is a difference between being able to play video games at one's own pace and having to follow a work schedule." *Terhaar v. Colvin*, No. 14 C 1163, 2015 WL 3654343, at *4 (N.D. Ill. June 11, 2015). Accordingly, the ALJ must "explain his assumption that . . . playing video games online requires the same concentration as is required for full-time employment." *Voigt v. Colvin*, 781 F.3d 871, 878 (7th Cir. 2015). Here, the ALJ did not provide the requisite explanation for why Plaintiff's video game playing was inconsistent with his alleged limitations and suggestive of an ability to work full-time. *See Joel A. v. Saul*, No. 19 CV 50156, 2020 WL 6075866, at *6 (N.D. Ill. Oct. 15, 2020) ("[T]he ALJ repeatedly mentioned and obviously put great weight on the fact that Plaintiff spent much time on the

7

computer. . . . The ALJ seems to be suggesting that this activity requires the type of persistence needed to work steadily for eight hours at a job. But this conclusion is not obvious, nor supported by expert testimony."). The ALJ's error in that regard requires that this matter be remanded. *See Gantner v. Berryhill*, No. 16 C 10531, 2017 WL 6757574, at *7 n.6 (N.D. Ill. Dec. 18, 2017) ("On remand, the ALJ must do more than recite the evidence that MJ plays video games; the ALJ must explain why that evidence shows – in the context of all the relevant evidence – that MJ does not have a marked limitation in attention span.").

Based on its conclusion that remand is necessary for the above reasons, the Court need not explore in detail the remaining errors claimed by Plaintiff. The Court emphasizes that the Commissioner should not assume these issues were omitted from the opinion because no error was found. Indeed, the Court admonishes the Commissioner that, on remand, special care should be taken to ensure that evidence pertaining to Plaintiff's treating providers is properly considered, Plaintiff's subjective symptoms are properly assessed, and Plaintiff's limitations in concentration, persistent, or pace are properly accounted for.

8

## **CONCLUSION**

For the foregoing reasons, Plaintiff's motion to reverse or remand the Commissioner's decision [Doc. No. 12] is granted in part and denied in part, and the Commissioner's cross-motion for summary judgment [Doc. No. 15] is denied. The Court finds that this matter should be remanded to the Commissioner for further proceedings consistent with this Order.

**SO ORDERED.**   **ENTERED:**

**DATE:      January 3, 2023**   _____

**HON. MARIA VALDEZ**
**United States Magistrate Judge**

9